# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                                                   Civ. No. 25-684 SCY[1]

COLDWELL BANKER LEGACY LLC; JOHN
LOPEZ; NEW MEXICO LAND AND TITLE CO.;
CHAD HAMM; GATTON & ASSOCIATES, P.C.;
GIDDENS AND GATTON LAW FIRM P.C.;
DAVID GIDDENS; CHRIS GATTON; BURRAGE
& JOHNSON, CPAs LLC; and JEROME
JOHNSON,

      Defendants.

## ORDER TO AMEND AND SHOW CAUSE

    This case arises from the sale of property pursuant to an order by the state court judge

presiding over Plaintiff's divorce case. As the party seeking to invoke the jurisdiction of this

Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v.

Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited

jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking

federal jurisdiction"). The Court has identified several deficiencies in the Complaint, described

below, and orders Plaintiff to amend his complaint and show cause why the Court should not

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to
28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without
prepayment of the filing fee. *See* Doc. 9, filed July 22, 2025. Plaintiff has paid the filing fee. *See*
Doc. 1. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to
manage its docket. *See Sec. & Exch. Comm'n v. Mgmt. Solutions, Inc.*, 824 F. App'x 550, 553
(10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to
achieve the orderly and expeditious disposition of cases'" (quoting *Dietz v. Bouldin*, 136 S. Ct.
1885, 1891-92 (2016)).

dismiss certain Defendants. *See Lowrey v. Sandoval Cty, Children Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause" (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a))).

    A.    <u>Order to Amend for Diversity Jurisdiction</u>

    Plaintiff invokes the Court's diversity jurisdiction but does not muster sufficient allegations to support diversity jurisdiction." Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

    Plaintiff states he is a "resident of the State of California," and each Defendant is a resident of the State of New Mexico. Compl. ¶ 3-4. Diversity jurisdiction requires that the action be between "citizens of different states." 28 U.S.C. § 1332(a)(1). Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases

discussing requirement to amend pleadings at an early stage of the case). For those Defendants who are individuals, Plaintiff must allege their citizenship.

Next, a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). For Defendant New Mexico Land and Title Co., Plaintiff must allege its state of incorporation and principal place of business. And Plaintiff must do the same for the professional corporation defendants, Gatton & Associates, P.C. and Giddens and Gatton Law Firm P.C. *See Struck v. Jason Duprat CRNA, P.C.*, No. 20cv1026, 2020 WL 7385729, at *2 (D.N.M. Dec. 16, 2020) (collecting cases for the proposition that under New Mexico law professional corporations are treated as corporations, and their citizenship is therefore determined by state of incorporation and principal place of business).

Further, Defendants Coldwell Banker Legacy LLC and Burrage & Johnson, CPAs LLC by name appear to be limited liability companies. A limited liability company is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members") (citing *Carden v. Arkoma Ass'n*, 494 U.S. 185, 195-96 (1990)).

And "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). Therefore, "[t]o properly allege the citizenship of one of these types of business entities [LLCs], the party seeking federal

court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (to establish diversity jurisdiction with LLCs, "the pleadings needed to identify [the LLC's] members and allege their citizenship"); *Carter v. Healthport Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("the Complaint is deficient because it contains no allegation as to the identity or citizenship of [the LLC's] members"); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (for partnerships and LLCs, "only the partners' or members' citizenships matter" and "their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" (citation omitted)). Plaintiff has not alleged the names and citizenships of all members of these LLCs.

Accordingly, the Court orders Plaintiff to amend his complaint to properly allege facts to sustain diversity jurisdiction.

B.    Order to Show Cause Regarding Immunity

It appears that the Court does not have jurisdiction over Plaintiff's claims against David Giddens, Chris Gatton, and Jerome Johnson (the "receivership Defendants") in their official capacities. Plaintiff alleges that "Johnson/Giddens/Gatton are now government officials." Compl. at 12. State court records indicate Defendants Giddens, Gatton, and Johnson were court-appointed receivers and special masters. Doc. 1-6 at 1. It thus appears that Defendants Giddens, Gatton, and Johnson are state judicial officers and therefore entitled to Eleventh Amendment immunity. *Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) ("As a general matter, state

courts are considered arms of the state."); *Levy v. Kan. Dep't of Social & Rehab. Services*, 789 F.3d 1164, 1169 (10th Cir. 2015) ("Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment."). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Levy*, 789 F.3d at 1169 (quotation marks omitted). In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the receivership Defendants.

Similarly, it appears that Plaintiff's claims against the receivership Defendants in their personal capacities are barred by judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008).

"[A] court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders, because enforcing a court order is intrinsically associated with a judicial proceeding." *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145,

150 (10th Cir. 2009) (cleaned up). Here, Plaintiff's complaint does not state a claim that these Defendants exceeded the appointing judge's orders. Indeed, the exhibit Plaintiff attaches and incorporates by reference in his own complaint reveals that the receivers had authority from the state court to sell assets. Doc. 1-6 at 4 ¶ 15(f).

The Court therefore orders Plaintiff to show cause why it should not dismiss the claims against the receivership Defendants. Alternatively, if Plaintiff agrees that the receivership Defendants are immune from this suit, rather than show cause, he may amend his complaint to remove them. The amended complaint must identify each Defendant Plaintiff is asserting claims against and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs.").

C.    Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions

6

including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language

of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d

1199, 1204 n.3 (10th Cir. 2003)).

     D.   <u>Compliance with Rule 11</u>

     The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of

the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if
> specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss the claims against the receivership Defendants, and (ii) file an amended complaint to properly allege facts to sustain diversity jurisdiction. Failure to timely show cause or file an amended complaint may result in dismissal of this case without prejudice.

**UNITED STATES MAGISTRATE JUDGE**