IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                                              No. 1:25-cv-00684-SCY

STATE OF NEW MEXICO, JANE LEVY,
COLDWELL BANKER LEGACY LLC, JOHN
LOPEZ, JUMP INC., NEW MEXICO LAND AND
TITLE CO., CHAD HAMM, GATTON &
ASSOCIATES, P.C., GIDDENS AND GATTON
LAW FIRM P.C., DAVID GIDDENS, CHRIS
GATTON, BURRAGE & JOHNSON, CPAs LLC,
and JEROME JOHNSON,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff filed his original Complaint on July 7, 2025. *See* Verified Petition for a Prima Facia Claims of Fraud, Negligent Misrepresentation, Breach of Contract & Fiduciary Duty, and Unfair Trade Practices, Conversion, Emotional Distress, and Injunctive Relief, Doc. 1.

Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

> The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> . . . .
>
> Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
> . . . .
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(c)(1), 4(l) and 4(m).

It is now over 90 days since Plaintiff filed his original Complaint. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the [90]–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint"). Counsel for Defendants Jump, Inc. d/b/a Coldwell Banker Legacy and John Lopez entered their appearance on August 11, 2025. *See* Doc. 12. The Clerk's Office issued summonses for several of the other Defendants on September 25, 2025. However, there are no server's affidavits on the docket showing that Plaintiff has timely served the other Defendants.[1]

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss the claims against Defendants, except for Defendants Jump, Inc. d/b/a Coldwell Banker Legacy, John Lopez, Platinum Real Estate Partners LLC, State of New Mexico and Jane Levy, for failure to timely serve them. Failure to timely show cause may result in dismissal of the claims against those Defendants.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants State of New Mexico, Jane Levy and Platinum Real Estate Partners LLC are named as Defendants in the Amended Complaint, Doc. 18, filed August 25, 2025, but were not named as Defendants in the original Complaint. The time for serving Defendants State of New Mexico, Jane Levy and Platinum Real Estate Partners LLC expires on November 23, 2025.