IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                                                              No. 1:25-cv-00684-WJ-SCY

STATE OF NEW MEXICO,
JANE LEVY,
COLDWELL BANKER LEGACY LLC,
JOHN LOPEZ,
JUMP INC.,
PLATINUM REAL ESTATE PARTNERS LLC,
NEW MEXICO LAND AND TITLE CO.,
CHAD HAMM,
GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS,
CHRIS GATTON,
BURRAGE & JOHNSON, CPAs LLC, and
JEROME JOHNSON,

        Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, asserted claims against 14 Defendants. *See* Amended Verified Petition for a Prima Facia Claims of Fraud, Negligent Misrepresentation, Breach of Contract & Fiduciary Duty, Unfair Trade Practices, Conversion, Emotional Distress, Violations of NM Civil Rights Action [sic] and Section 1983 & 1985 Claims and Injunctive Relief, Doc. 1, filed August 25, 2025 ("Amended Complaint").

The Court has dismissed Plaintiff's claims against 10 Defendants without prejudice. *See* Order Dismissing Claims, Doc. 29, filed October 30, 2025; Order Dismissing Claims Against State Defendants, Doc. 33, filed November 26, 2025.

The Defendants remaining in this case are Jump, Inc., d/b/a Coldwell Banker Legacy, Platinum Real Estate Partners, LLC and John Lopez (collectively the "Broker Defendants"). Plaintiff's claims arise from an ongoing divorce case in state court in which the state-court judge entered an order authorizing the receiver to sell property. *See* Broker Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted at 2, Doc. 22, filed September 8, 2025 ("Motion to Dismiss"). Plaintiff alleges the Broker Defendants "represented the sale of property." Amended Complaint at 5.

Plaintiff filed a Motion to Strike the Broker Defendants' Motion to Dismiss on the grounds that it was not served on Plaintiff pursuant to Rule 4's requirements for serving an answer. *See* Motion to Strike at 1, Doc. 27, filed October 14, 2025. The Court denies Plaintiff's Motion to Strike. Rule 4 of the Federal Rules of Civil Procedure does not govern service of motions. Rule 5 of the Federal Rules of Civil Procedure provides that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). Court records show that counsel for the Broker Defendants filed the Motion to Dismiss using the Court's CM/ECF system and Plaintiff is a registered user of the Court's CM/ECF system. *See* Order, Doc. 15, filed August 13, 2025 (granting Plaintiff's motion for permission to file electronically via CM/ECF).

The Amended Complaint asserts six "Counts:" (i) Fraud; (ii) Negligent Representation; (iii) Breach of Contract/Fiduciary Duty; (iv) Unfair Trade Practices; (v) Conversion; and (vi) Infliction of Emotional Distress in Violation of 42 U.S.C. §§ 1983 and 1985 - Conspiracy. *See* Amended Complaint at 14-18. Plaintiff alleges that Defendants violated "his judicial due process rights guaranteed under the USA and NM Constitutions filed under New Mexico Civil Rights Act

(NMCRA) NM Stat § 41-4A-3 which includes public bodies and 42 U.S.C. § 1983 and 42 U.S.C. § 1985 – Conspiracy." Amended Complaint at 20.

The Amended Complaint fails to state claims against the Broker Defendants. The Amended Complaint does not name the Broker Defendants in Counts 1 and 3-6; those Counts refer to "Defendants" without describing what each Defendant did. Count 2 of the Amended Complaint alleges the "brokers are responsible for the actions of their agents, meaning the broker can be held liable for an agent's actions that cause harm to a client" and the Broker Defendants "owed [Plaintiff] professional representation in their particular professional expert fields." Amended Complaint at 16. Plaintiff makes conclusory allegations that Defendants conspired to violate his civil rights but does not allege specific facts showing an agreement and concerted action among the Defendants. *See* Amended Complaint at 3-4, 9, 15, 18, 20-21; *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim").

Plaintiff's Response opposing the Broker Defendants' Motion to Dismiss does not address the Amended Complaint's failure to state claims. *See* Motion to Strike as Response of Defendant's CBL et al, Premature and Unfounded, Doc. 24, filed September 17, 2025 ("Response"). Instead, Plaintiff states he filed the Amended Complaint, has requested summonses "to mail to the Defendants of [sic] the new Amended complaint," and has not received the summonses. Response at 1-2. Plaintiff also states that exhibits submitted by the attorney for the Broker Defendants "should be stricken as they were NOT part of the closing documents received by the Plaintiff eight months later [and] Therefore, [are] not part of the RECORD." Response at 2 (asking the Court "to

rule the Defendant['s] motion to Dismiss as premature"). Plaintiff's arguments opposing the Broker Defendants' Motion to Dismiss are not persuasive. Counsel for the Broker Defendants appeared in this case on August 11, 2025, therefore service of a summons and the Amended Complaint on the Broker Defendants is not necessary. *See* Notice of Appearance, Doc. 12. The Court has not considered any of the documents the Broker Defendants submitted with their Motion to Dismiss.

The Court grants the Broker Defendants' Motion to Dismiss Plaintiff's claims against them for failure to state a claim. United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> The amended complaint must identify each Defendant Plaintiff is asserting claims against and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original).

Order to Show Cause at 6, Doc. 10, filed July 29, 2025. The Amended Complaint does not clearly explain what each of the Broker Defendants did to Plaintiff.

Plaintiff also filed a Motion to Reconsider the Court's Order Dismissing Claims based on Plaintiff's failure to timely serve some Defendants. *See* Motion to Reconsider Order to Dismiss, Doc. 30, filed October 31, 2025. The Court denied Plaintiff's Motion to Reconsider because Plaintiff did not set forth any grounds warranting reconsideration. *See* Order Denying Motion to Reconsider, Doc. 32, filed November 24, 2025. Plaintiff has since filed a Motion for Clarification on his Motion to Reconsider asking the Court to "reinstate[] the case ASAP." Motion for Clarification, Doc. 31, filed November 24, 2025. The Court denies Plaintiff's Motion for Clarification because it is essentially identical to his Motion to Reconsider.

Because it is dismissing Plaintiff's claims against the Broker Defendants with prejudice and has dismissed Plaintiff's claims against the other Defendants without prejudice, the Court dismisses this case.

## ORDER TO SHOW CAUSE

Plaintiff has filed the following cases in this Court:

(i) *Gardner v. Dept. of Energy*, No. 1:24-cv-00268-KWR-SCY (dismissed for failure to state a claim; Plaintiff failed to file a response to a motion to dismiss; Plaintiff failed to properly serve a defendant).

(ii) *Gardner v. New Mexico*, No. 1:24-cv-01305-WJ-JFR (claims dismissed for lack of jurisdiction and for failure to properly serve some defendants; Plaintiff incorrectly asserted the Court has jurisdiction pursuant *Ex parte Young* against judicial officers; Plaintiff incorrectly asserted the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act).

(iii) *Gardner v. United States*, No. 1:25-cv-00198-KWR-JFR (dismissed for failure to comply with Order to Show Cause regarding jurisdiction, failure to state claim, and claims apparently duplicative of those in another case).

(iv) *Gardner v. United States*, No. 1:25-cv-483-KG-GJF (dismissed for failure to comply with Orders to: (a) pay filing fee or file a Long Form Application to proceed *in forma pauperis*, (b) show cause why claims should not be dismissed, and (c) file an amended complaint).

(v) *Gardner v. New Mexico*, No. 1:25-cv-00485-KWR-GBW (dismissed for lack of jurisdiction based on the State of New Mexico's sovereign immunity; Plaintiff incorrectly asserted the Court has jurisdiction pursuant *Ex parte Young* against

judicial officers; Plaintiff incorrectly asserted the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act; Plaintiff filed his amended complaint as a motion).

(vi)   *Gardner v. Coldwell Banker*, No. 25-cv-684-WJ-SCY (this case; dismissed for failure to state claims, for lack of jurisdiction and for failure to serve defendants; Plaintiff incorrectly asserted the Court has jurisdiction pursuant *Ex parte Young* against judicial officers; Plaintiff incorrectly asserted the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act).

(vii)  *Gardner v. New Mexico*, No. 1:25-cv-00730-SMD-SCY (pending; Plaintiff asserts the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act).

(viii) *Gardner v. Levy*, No. 1:25-cv-820-MLG-SCY (pending; Plaintiff asserts the Court has jurisdiction pursuant *Ex parte Young* against judicial officers; Plaintiff asserts the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act).

(ix)   *Gardner v. New Mexico*, No. 1:25-cv-00873-WJ-JHR (pending; Plaintiff asserts the Court has jurisdiction pursuant *Ex parte Young* against judicial officers; Plaintiff asserts the Court has jurisdiction over the State of New Mexico pursuant to the New Mexico Civil Rights Act).

Plaintiff has repeatedly filed complaints that failed to state a claim or failed to show the Court had jurisdiction over his claims. Plaintiff has repeated legal arguments regarding jurisdiction pursuant to *Ex parte Young* and the New Mexico Civil Rights Act after the Court notified him of the deficiencies in those arguments. Plaintiff has also failed to comply with Court Orders and has

failed to properly serve defendants. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma*

*pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. See *DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new

civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Strike, Doc. 27, filed October 14, 2025, is **DENIED.**

(ii) The Broker Defendants' Motion to Dismiss for Failure to state a claim Upon Which Relief can be Granted, Doc. 22, filed September 8, 2025, is **GRANTED.** The Court **DISMISSES with prejudice** the claims against the Broker Defendants.

(iii) Plaintiff's Motion for Clarification, Doc. 31, filed November 24, 2025, is **DENIED.**

(iv) This case is **DISMISSED.**

(v) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections to the proposed filing restrictions, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**