IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

       Plaintiff,

v.                                                                                                                             No. 1:25-cv-00684-WJ-SCY

STATE OF NEW MEXICO,
JANE LEVY,
COLDWELL BANKER LEGACY LLC,
JOHN LOPEZ,
JUMP INC.,
PLATINUM REAL ESTATE PARTNERS LLC,
NEW MEXICO LAND AND TITLE CO.,
CHAD HAMM,
GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS,
CHRIS GATTON,
BURRAGE & JOHNSON, CPAs LLC, and
JEROME JOHNSON,

       Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND IMPOSING FILING RESTRICTIONS

Plaintiff, who is proceeding *pro se*, asserted claims against 14 Defendants. *See* Amended Verified Petition for a Prima Facia Claims of Fraud, Negligent Misrepresentation, Breach of Contract & Fiduciary Duty, Unfair Trade Practices, Conversion, Emotional Distress, Violations of NM Civil Rights Action [sic] and Section 1983 & 1985 Claims and Injunctive Relief, Doc. 1, filed August 25, 2025 ("Amended Complaint").

The Court dismissed Plaintiff's claims against 10 Defendants without prejudice. *See* Order Dismissing Claims, Doc. 29, filed October 30, 2025 (dismissing claims based on Plaintiff's failure to timely serve certain Defendants and his failure to comply with Judge Yarbrough's Order to Show

Cause); Order Dismissing Claims Against State Defendants, Doc. 33, filed November 26, 2025 (dismissing claims against Defendants State of New Mexico and state-court Judge Jane Levy for lack of subject matter jurisdiction pursuant to the State's Eleventh Amendment sovereign immunity).

The Defendants then remaining in this case were Jump, Inc., d/b/a Coldwell Banker Legacy, Platinum Real Estate Partners, LLC and John Lopez (collectively the "Broker Defendants"). Plaintiff's claims arose from an ongoing divorce case in state court in which the state-court judge entered an order authorizing the receiver to sell property. *See* Broker Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted at 2, Doc. 22, filed September 8, 2025 ("Motion to Dismiss"). Plaintiff alleges the Broker Defendants "represented the sale of property." Amended Complaint at 5.

The Court granted the Broker Defendants' Motion to Dismiss, dismissed the claims against the Broker Defendants for failure to state a claim, dismissed this case and ordered Plaintiff to show cause why the Court should not impose filing restrictions. *See* Dismissal Order, Doc. 34, filed December 1, 2025.

Plaintiff has filed Objections, now before the Court, to the Court's Dismissal Order and to the Proposed Filing Restrictions. *See* Objections, Doc. 36, filed December 11, 2025.

**Order Overruling Objections to Dismissal Order**

Plaintiff filed his original Complaint in this case in the United States District Court for the Southern District of California. *See* Doc. 1, filed July 7, 2025, in No.3:25-cv-1724-CAB-DEB (S.D. Cal.). The Southern District of California transferred this case to the District of New Mexico on July 22, 2025. *See* Doc. 7. Plaintiff "asserts from the onset of this case he was highly prejudiced, as the CA federal court remanded this case back to NM Fed as the court found venue

was not proper, but had jurisdiction of the subject matter." Objections at 2. Plaintiff has not explained why the transfer of this case to the District of New Mexico was improper. *See* 28 U.S.C. § 1391(b) (stating venue is proper in any judicial district in which a defendant resides or where a substantial part of the events or omissions giving rise to the claims occurred); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought") (emphasis added).

Plaintiff asserts he "was denied access to CA PACER system as the court ordered the case to be moved to NM." Objections at 2. This Court granted Plaintiff's motion for permission to file electronically in the District of New Mexico on August 13, 2025. *See* Doc. 15. Plaintiff asserts that not receiving permission to file electronically until August 13, 2025, "is significant as an order to show cause to amend the complaint was never received by the Plaintiff on the date it was entered in the record July 29th, 2025 (15 days prior) to his permission to be on PACER." Objections at 3. Judge Yarbrough granted Plaintiff's motion for a 30-day extension of time to respond to the Order to Show Cause on August 14, 2025. *See* Order, Doc. 17, filed August 14, 2025 (resetting deadline for response to Order to Show Cause to September 18, 2025).

After the case was transferred to this Court from the Southern District of California on July 22, 2025, the Clerk's Office assigned a District of New Mexico case number to the case. Plaintiff asserts "as the case number was the CA case number, as the summons and initial complaint would be dead on arrival as the case numbers would be change[d] and new summons would have to be issued." Objections at 3. Rule 4 permits a summons to be amended. *See* Fed. R. Civ. P. 4(a)(2). Over two months after this case was transferred to this Court from the Southern District of California, United States Magistrate Judge Steven C. Yarbrough notified

3

Plaintiff of his responsibility to have the summonses and complaint served on Defendants, that Plaintiff had not timely served some of the Defendants, and that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Order to Show Cause at1-2, Doc. 26, filed October 7, 2027 (ordering Plaintiff to show cause why the Court should not dismiss the claims against certain Defendants for Plaintiff's failure to timely serve them). Plaintiff states he "was blindsided" by Judge Yarbrough's Order to Show Cause, Doc. 26, filed October 7, 2025, because "he barely received summons[es] 12 days prior for the new case number and had no time to properly serve the new Defendants, as well as new claims against the Defendants." Objections at 4. Plaintiff did not file a response to Judge Yarbrough's Order to Show Cause. The Court dismissed claims against some Defendants based on Plaintiff's failure to timely serve them and his failure to comply with Judge Yarbrough's Order to Show Cause. *See* Order Dismissing Claims, Doc. 29, filed October 30, 2025.

Plaintiff states he timely filed a response to an order to show cause in a different case. *See* Objections at 3. Plaintiff did not timely response a response to Judge Yarbrough's Order to Show Cause in this case. Plaintiff also states "all Petition/Summons issued, have been served to Defendants timely" in this case. Objections at 3. Rule 4 states:

> Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

Fed. R. Civ. P. 4(l)(1). There is no indication in the docket that all Defendants either waived service or that a server's affidavit was filed by the September 18, 2025, deadline for those Defendants that did not waive service.

Plaintiff "asserts on August 4th, 2025, the court filed an error on (DOC. 11), this document cannot be viewed and may be the assertion, *supra*." Objections at 3. The Clerk's Office marked

4

Doc. 11 as "Filed In Error" because it was a document for another case that was inadvertently filed in this case.

Plaintiff "asserts further confusion was created as the order[] to show cause had multiple exceptions including Jane Levy, who was had been [sic] removed from the filing by the Plaintiff" and the Order [dismissing claims against certain Defendants based on Plaintiff's failure to timely serve them and his failure to respond to Judge Yarbrough's Order to Show Cause] "itself uses the caption to include Jane Levy; as the Amended complaint does not include Jane Levy, which cause[s] even more confusion." Objections at 5. Jane Levy was an exception in the Order to Show Cause regarding Plaintiff's failure to serve certain Defendants named in the original Complaint because Jane Levy was not named as a Defendant in the original Complaint. *See* Doc. 26. Because Jane Levy was listed as a Defendant in the caption of the Amended Complaint, the deadline for Plaintiff to have Jane Levy served had not yet passed. *See* Doc. 18 at 1, filed August 25, 2025.

Plaintiff asserts that "equal protection under the law as the court sua sponte dismissal of my case against the State Defendants based on Federal Rule 4, but overlook[s] equity in the [Broker] defendant[s'] violation of Federal rule 5-E" because Plaintiff "did not give written permission for the Broker Defendants to serve him an answer via electronic means" and the Broker Defendants served their Motion to Dismiss "electronically via PACER without obtaining the Plaintiff's written consent as required by FRCP Rule 5(b)(2)(E)." Objections at 6, 10. The Broker Defendants did not file an answer, they filed a Motion to Dismiss. *See* Doc. 22, filed September 8, 2025. The Broker Defendants properly served Plaintiff with their Motion to Dismiss. Rule 4 of the Federal Rules of Civil Procedure does not govern service of motions. Rule 5 of the Federal Rules of Civil Procedure provides that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). Court records

5

show that counsel for the Broker Defendants filed the Motion to Dismiss using the Court's CM/ECF system and Plaintiff is a registered user of the Court's CM/ECF system. *See* Order, Doc. 15, filed August 13, 2025 (granting Plaintiff's motion for permission to file electronically via CM/ECF).

The Court overrules Plaintiff's Objections to the Dismissal Order.

**Order Overruling Objections to Proposed Filing Restrictions**

Plaintiff has repeatedly filed complaints that failed to state a claim or failed to show the Court had jurisdiction over his claims. Plaintiff has repeated legal arguments regarding jurisdiction pursuant to *Ex parte Young* and the New Mexico Civil Rights Act after the Court notified him of the deficiencies in those arguments. Plaintiff has also failed to comply with Court Orders and has failed to properly serve defendants. The Court found that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and ordered Plaintiff to show cause why the Court should not impose filing restrictions.

Plaintiff "asserts he should not be solely held accountable for all of these procedural errors" and that he "at no time intentionally violated any court orders." Objections at 7-8. As discussed above, Plaintiff has not shown that his failure to timely comply with Court Orders and to timely served some Defendants resulted from Court errors. Plaintiff does not address why he continues to repeat legal arguments which the Court has previously notified him are deficient.

Plaintiff suggests that the undersigned proposed filing restrictions because the undersigned is prejudiced against Plaintiff:

> Plaintiff asserts in respectful way, that there may be animosity sparked by a conversation with Judge Johnson in scheduling of a mediation on the phone with all counsel present. In this conversation, the Plaintiff had a cold and a cough. The Plaintiff coughed during the phone conversation and it was perceived by the Hon. Johnson as a "Laugh," and he was severely reprimanded and got the wrong impression as the Plaintiff tried to explain he had simply coughed, but the damage

6

was done in the eyes of the H. Johnson; from that day forward he feels that there may be a lingering prejudice, because of that interaction and if this is the case I would apologize for any offense taken by your Honor.

Objections at 7.  The undersigned proposed filing restrictions based on Plaintiff's repeated failures to comply with Court Orders and repeatedly asserting legal arguments that the Court has previously determined to be deficient.  *See* Dismissal Order at 5-6 (identifying nine cases and summarizing Plaintiff's conduct in each case).

> Plaintiff characterizes the proposed filing restrictions as
>
> "death penalty" sanctions—a permanent injunction prohibiting future filings without prior court approval. The cases cited—*Tripati v. Beaman* and *Cotner v. Hopkins*—establish that such sanctions require findings of frivolous and malicious filings. Yet the Court has made no such findings here. Instead, the Court cites procedural deficiencies, with a "good faith reliance, "in unrelated cases, at least five of which were remanded or removed to federal court by State Defendants, not by the Plaintiff (including Case No. 1:23-cv-00318-SCY which was successfully resolved through mediation before this Court). The Plaintiff has never intentionally violated a court order and respectfully requests an opportunity to brief or present oral argument on each case cited before such severe sanctions are imposed.

Objections at 10.  The imposition of filing restrictions does not require findings of frivolous and malicious conduct.  The Tenth Circuit has explained:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted).

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).   Plaintiff's conduct in this case has been abusive because he has repeatedly failed to comply with Court Orders and the Federal and Local Rules of Civil Procedure and continues to assert arguments regarding jurisdiction that the

7

Court has previously addressed. *See* Black's Law Dictionary (12th ed. 2024) ("abusive adj. 1. Characterized by wrongful or improper use").

Plaintiff "is requesting oral arguments to dispute each and every misconception cited" in the Court's Order to Show Cause why filing restrictions should not be imposed:

> Plaintiff asserts this court claims to enjoin the Plaintiff based purely under procedural deficiencies in lieu of claiming frivolous and malicious, as the Plaintiff must clear the record on these allegations as he has not violated any court orders and is requesting a complete briefing or oral arguments on each and every case brought before this court as evidence, before this court asserts the death penalty upon the Plaintiff without substantive and based solely on procedural due issues. In short, as these listings of these cases have a different story behind each one of them, including state *Defendants moving the majority of these cases into Federal court*.

Objections at 8 (emphasis added).

Plaintiff incorrectly states Defendants moved the majority of the cited cases to this Court. The Court cited Plaintiff's conduct in nine cases as the basis for finding that filing restrictions are appropriate. *See* Dismissal Order at 5-6. None of those cases was removed from state court. Furthermore, the Court's finding that filing restrictions are appropriate was based on Plaintiff's conduct in those cases. Whether a case was removed or filed originally in this Court is not a factor the Court considers when determining whether filing restrictions are appropriate. Plaintiff also asserts that two of his cases, *Gardner v. DEA*, No. 1:25-cv-198-KWR-JFR and *Gardner v. United States*, No. 1:25-cv-483-KG-GJF, were refiled in California and "the CA clerk entered a Default judgment in favor of the Gardner/Plaintiff" and that *Gardner v. City of Albuquerque*, No. 1:23-cv-318-GBW-SCY, which was removed to this Court and was not cited in the Dismissal Order in this case, "was resolved in mediation in favor of the Plaintiff." Objections at 8-9. The outcome of other cases does not mitigate Plaintiff's abusive conduct in the cases cited in the Dismissal Order.

The Court denies Plaintiff's request for a hearing. The Court gave Plaintiff notice of the conduct forming the basis for imposing filing restrictions and also gave Plaintiff an opportunity to

8

file written objections. *See Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) ("In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted. A hearing is not required; a written opportunity to respond is sufficient") (citations omitted).

The Court overrules Plaintiff's Objections regarding the proposed filing restrictions.

**Order Imposing Filing Restrictions**

The Court, having overruled Plaintiff's Objections regarding the proposed filing restrictions, imposes the following filing restrictions on Plaintiff:

Plaintiff is enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk is directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff is also enjoined from initiating future litigation in this Court and the Clerk is directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of

Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

    3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

    **IT IS SO ORDERED.**

                              /s/
                              **WILLIAM P. JOHNSON**
                              **SENIOR UNITED STATES DISTRICT JUDGE**